Mark A. Miller (#9563)
*miller.mark@dorsey.com*
Michele M. Myer (#13815)
*myer.michele@dorsey.com*
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 579-7406
Fax: (801) 933-7373

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **STANDER INC.**, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BAIERA WELLNESS PRODUCTS INC. D/B/A STEP2BED**, a Delaware Corporation,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Stander Inc., ("Stander" or "Plaintiff") brings this complaint against Baiera Wellness Products, Inc. d/b/a step2bed ("step2bed" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 et seq.

2. Plaintiff requests this relief because Defendant recently accused Stander of patent infringement. Plaintiff and Defendant both sell products through Amazon.com. Defendant

1

recently filed a complaint under the Amazon Patent Evaluation Express Procedure ("APEX") against Stander, alleging that Stander's Bed Step product ("Bed Step") infringes U.S. Patent No. 10,213,353 (the "'353 patent") (Attached as **Exhibit A**). Stander received notice regarding this APEX complaint on June 27, 2024. Under the APEX program, Amazon will remove product listings from its marketplace if an individual or entity submits a report alleging that a product infringes its intellectual property rights. As a result of this APEX complaint, Amazon removed (improperly in Stander's view) Stander's Bed Step product listing.

3. Importantly, Amazon's APEX program does not consider issues of patent invalidity; it only considers infringement questions.

4. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Bed Step product has not infringed, or otherwise violated the patent or other intellectual property rights, of Defendant under U.S. or applicable state law.

5. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Defendant's patent is invalid.

6. Defendant's intended assertion of claims of patent infringement based on Stander products has threatened Stander's business, and has created a present, genuine, and justiciable controversy between Stander and Defendant. For these reasons, and as alleged more particularly herein, Stander brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Stander does not infringe the Defendant patents, and that the Defendant patents are invalid and/or unenforceable.

## THE PARTIES

7. Stander Inc. is a private company organized and existing under the laws of Utah,

with its registered office address and principal place of business being 2410 Heritage Drive, Logan, Utah 84321.

8. Upon information and belief, Defendant is a Delaware corporation with its principal place of business at 716 Jamaica Court San Diego, CA 92109.

9. Upon information and belief, and based on contentions made by Defendant in its APEX complaint filed with Amazon, Defendant claims to own the '353 patent.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

11. This Court can provide the relief sought in this Declaratory Judgment Complaint because there exists an actual case and controversy between the parties pursuant to 28 U.S.C. §2201.

12. This Court has personal jurisdiction over Defendant because Defendant has intentionally and purposefully directed activities to this District. Defendant's filing of an APEX action is a purposefully directed extra-judicial patent enforcement activity subjecting Defendant to personal jurisdiction in the home state of Plaintiff, the alleged infringer. Parties who submit APEX complaints are subject to personal jurisdiction where they have targeted a forum state by identifying listings for removal that, if removed, affect the marketing, sales, or other activities in that state. These contacts are substantially related to this cause of action, and they relate in a material way to the enforcement or defense of the patent.

13. Defendant purposefully directed the foregoing activities to this District and has thereby availed itself of the judicial system and laws in this District. By the foregoing actions, Defendant has established sufficient minimum contacts with the District such that Defendant is

subject to specific personal jurisdiction in this action relating to the '353 patent. The exercise of personal jurisdiction based on these relevant contacts does not offend traditional notions of fair play and substantial justice.

14. Venue is proper under 28 U.S.C. §§ 1391(c) because Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

15. Stander manufactures and sells of a variety of medical equipment products and devices. Since its inception, Stander has been dedicated to providing innovative and unique mobility aids to aging adults who desire to stay at home longer. Over the years, Stander has become a world leader in home safety, providing unique solutions to seniors and caregivers alike.

16. As part of its product offerings, Stander manufactures and sells its Bed Step product through various channels in the United States, including through Amazon.com. On June 27, 2024, Stander received notice that step2bed had filed a complaint under the Amazon Patent Evaluation Express Procedure against Stander alleging that Stander's product infringes U.S. Patent No. the "'353 patent." APEX allows patent owners to submit claims against infringing third-party product listings available through Amazon.com via an APEX agreement. While a seller has several options to resolve the dispute, the accused listings are automatically removed from Amazon.com if the seller fails to act in response to the APEX complaint after three weeks.

17. As a result of step2bed's APEX complaint, Stander's Bed Step product listing was removed from Amazon.

18. In its complaint filed with Amazon APEX, Defendant purports to be the owner of the '353 patent. This patent is for a step stool designed to facilitate entering a bed for seniors or disabled individuals, entitled "Bed Step Stool and Method of Use."

19. As set forth herein, Stander does not infringe the '353 patent. Stander brings the present action to defend its products and to alleviate the burdens of litigation on itself. A judicial declaration is necessary to determine the respective rights of the parties regarding the Defendant patents, and Stander respectfully seeks a declaration that the '353 patent is not infringed by any Stander products and/or services and that the '353 patent is invalid.

## CLAIM I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '353 PATENT

20. Stander restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

21. Defendant has contended that Stander's Bed Step product infringes at least one claim of the '353 patent.

22. Stander does not infringe any valid and enforceable claim of the '353 patent, either directly or indirectly, literally or under the doctrine of equivalents, via Stander's manufacture, use, offer for sale, sale, and/or import of the Stander Bed Step product.

23. Stander has never manufactured, used, offered for sale, sold, or imported any products or services which infringe any valid and enforceable claim of the '353 patent.

24. By example, without limitation, Stander alone does not perform all the steps recited the claims of the '353 patent as is required for direct infringement.

25. There exists a present, genuine, and justiciable controversy between Stander and Defendant warranting issuance of a declaration by the Court that no valid and enforceable claim of the '353 patent has been infringed, directly or indirectly, literally or under the doctrine of equivalents, by Defendant or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the Defendant Products.

26. Defendant's allegations of infringement of the '353 patent are baseless and

exceptional, thus warranting an award of Stander's attorneys' fees under 35 U.S.C. § 285.

## CLAIM II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '353 PATENT

27. Stander restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

28. Defendant has contended that at least one claim of the '353 patent is valid, enforceable, and infringed by making, using, offering to sell, selling, and/or importing the Stander Products.

29. The claims of the '353 patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of nonstatutory double patenting.

30. The claims of the '353 patent are anticipated and/or obvious in view of the prior art of record in the public prosecution history of the '353 patent as well as other prior art not considered by the Patent Office before allowing the claims of the '353 patent.

31. There exists a present, genuine, and justiciable controversy between Stander and Defendant warranting issuance of a declaration by the Court that one or more of the claims of the '353 patent are invalid.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment as follows:

(a) A declaration that no claim of the '353 patent has been or is infringed by Stander or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the Stander Bed Step product;

(b) A declaration that all claims of the '353 patent are invalid;

(c)      An order enjoining Defendant, its privies, and all those in active consort therewith from publicly asserting that Stander's products infringe the '353 patent;

(d)      An order finding this case exceptional within the meaning of 35 U.S.C. § 285 and awarding to Stander of its reasonable attorneys' fees, expenses, and costs; and

(e)      Such other and further relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Stander demands a trial by jury on all issues so triable.

Dated: July 9, 2024

*/s/ Mark Miller*
Mark A. Miller
Michele M. Myer
DORSEY & WHITNEY LLP
111 S. Main Street, Ste. 2100
Salt Lake City, UT 84111

Attorneys for Plaintiff